# UNITED STATES DISTRICT COURT
## District of Kansas
(Topeka Docket)

**UNITED STATES OF AMERICA,**

        **Plaintiff,**

    **v.**                          **CASE NO. 22- 40084-01/02-TC**

**ROBERT NELSON SMITH,**
and
**WILLIAM BYRD WHYMARK,**

        **Defendants.**

# INDICTMENT

**THE GRAND JURY CHARGES**:

At all times relevant to this Indictment:

### Introduction

1. The defendants, ROBERT NELSON SMITH ("Smith") and WILLIAM BYRD WHYMARK ("Whymark"), conspired and engaged in a scheme to defraud Saint Francis Ministries ("SFM") of money and property by:

    •    the submission and approval of materially false invoices to SFM

1

resulting in payments to Defendant Whymark totaling over $10 million;

- the payment of a kickback from Defendant Whymark to Defendant Smith, disguised as an authorized invoice in the amount of $50,000; and

- Defendant Smith's use of SFM credit cards for personal expenses causing SFM to improperly pay for these expenses.

## Background

### Individuals and Entities

2. Saint Francis Community Services ("SFCM") a.k.a. Saint Francis Ministries ("SFM"), located in Salina, Kansas, is a 501c(3) faith-based organization that provides foster care and social services in the States of Kansas, Arkansas, Mississippi, Nebraska, Oklahoma, and Texas. From January of 2018 to July of 2021, SFM contracted with the State of Kansas through the Kansas Department for Children and Families ("KDCF") to provide foster care, adoption, family preservation and behavioral health services.

3. The Saint Francis Foundation ("The Foundation") was created on or about September 21, 2016, to support the mission of SFM. The Foundation's purpose was and is to manage private contributions to pay for SFM's expenses not covered by State and Federal funding. The Foundation was registered in Kansas.

4. Defendant Smith was hired on or about May 13, 2014, as the Chief Executive Officer ("CEO") of SFM. Smith held this position until November of

2020, when the SFM board asked for his resignation. Smith worked and resided in Salina, Kansas. Smith was ordained as a priest in the Episcopal Church in 2009.

5.      Defendant Whymark was the CEO and President of WMK Research Inc. ("WMK"), a company incorporated in the State of New York. At all times relevant to this Indictment, Whymark was a resident of the State of New York. In or about February 2018, Whymark, through Smith, became Chief Information Officer ("CIO") of SFM and was in charge of SFM's Information Technology ("IT") department. Smith signed an agreement to pay Whymark an annual salary of $164,000. On occasion, Whymark travelled to Kansas for SFM business.

6.      QubeRoot Analytics, LLP. ("QubeRoot") was a technology company based in India. Surendher Nagaraj was the President of QubeRoot. Nagaraj previously worked with Whymark at General Electric Company. Whymark hired QubeRoot as a subcontractor for WMK to provide data science and IT support services for SFM from January 2018 to July 2021.

7.      Pinnacle Seven Technologies ("Pinnacle Seven") was a technology company based in India. Arun Jesuraj was the Co-Owner of Pinnacle Seven. Whymark hired Pinnacle Seven as a subcontractor for WMK to provide software development services for SFM from January 2018 to August 2019. In August 2019, Pinnacle Seven became Software Works Technologies India Private Limited ("Software Works") and provided subcontracting services to SFM until June 2021.

## The Scheme

8. Beginning in or about January 2018 and continuing to in or about July 2021, the defendants conspired with each other to devise a scheme and artifice to defraud and devised a scheme and artifice to defraud, and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises, with the intent to defraud SFM. It was part of the scheme that one or more conspirators engaged in the following conduct:

## The Contract between SFM and WMK

9. In or about February 2018, the SFM Board agreed to significantly improve SFM's IT systems, hardware, and software programs ("The SFM Project").

10. On or about January 5, 2018, WMK and SFM entered into a Master Services Agreement (The Contract) whereby WMK would conduct work on The SFM Project. Smith, on behalf of SFM, and Whymark, on behalf of WMK, were signatories.

11. Whymark misrepresented his academic credentials by claiming he held a PhD in Marketing Sciences from the University of Connecticut, when in fact, he had not obtained any such degree. Further, Whymark allowed others to represent him as holding a PhD, including to the SFM Board.

12. The SFM Project was not put out for competitive bid. SFM Board of Directors' meeting minutes for 2018 did not reflect any record of Smith seeking

4

authorization or informing the Board of his decision to award The SFM Project to WMK.

### WMK Subcontractors

13. Whymark subcontracted the data science and IT support services portion of The SFM Project to QubeRoot. QubeRoot did not perform any other work for any other entities while subcontracting with WMK on The SFM Project.

14. Whymark subcontracted the software development portion of the SFM Project to Pinnacle Seven. Pinnacle Seven did not perform any other work for any other entities while subcontracting with WMK on The SFM Project.

15. On or about August 2019, Software Works replaced Pinnacle Seven, and continued performing the software development portion of The SFM Project that was previously assigned to Pinnacle Seven. Software Works did not perform any other work for any other entities while subcontracting with WMK on The SFM Project.

### Submission and Approval of Fraudulent WMK Invoices

16. Smith approved all WMK invoices even when the dollar value of the invoices exceeded his approval authority. Smith failed to bring the WMK invoices to the attention of the SFM Board for their approval as required by SFM policy.

17. Whymark, through WMK, submitted false and fraudulent invoices to SFM, which were approved by Smith, for IT services. The WMK invoices

fraudulently inflated the costs associated with Pinnacle Seven (later Software Works) and QubeRoot ("The Subcontractors") services by approximately $4,774,637.50.

18. In violation of the terms of his agreement with SFM, Whymark, through WMK, hired subcontractors to work on The SFM Project. Further, Whymark instructed The Subcontractors to conceal their employment as subcontractors for WMK.

19. The Subcontractors provided Whymark with monthly invoices, via email, for labor costs associated with the SFM Project. These invoices indicated which employees worked by position, the number of hours worked, and the employees' hourly wage.

20. Whymark submitted WMK invoices via email on a monthly basis to Smith on behalf of the SFM Finance Department for approval and payment. On some occasions, Whymark submitted multiple invoices in a given month. In general, WMK invoices to SFM:

- contained two expense categories, personnel expenses, including labor costs, and non-personnel expenses, such as hardware, software, and travel costs; and

- documented personnel expenses by annotating the names and titles of individuals, hourly rates, and the number of days worked during the

6

invoiced period.

Some WMK invoices included personnel expenses annotated as "Team Cost" which did not specify individual names, titles, or hourly rates.

21. Smith approved the WMK invoices on behalf of SFM, and authorized SFM's Finance Department personnel to pay the WMK invoiced amounts.

22. SFM transferred all payments to WMK from account number xxxxxx8116 held at Intrust Bank, located in Wichita, Kansas, to WMK's account number xxxxxx7166, held at Wintrust Bank, located in Chicago, Illinois.

23. During the course of The Contract between WMK and SFM, Whymark submitted invoices to SFM, resulting in sixty-five (65) payments to WMK, totaling approximately $10,737,583.00, of which at least $4,774,637.50 constituted the proceeds of fraud. These payments went into account number xxxxxx7166 held at Wintrust Bank from SFM's account number xxxxxx8116 held at Intrust Bank.

24. Whymark used the fraudulently obtained funds from SFM toward the purchase of an approximate four-million-dollar home in Armonk, New York, luxury vehicles, jewelry, and cash withdrawals.

25. On August 3, 2020, Whymark submitted WMK invoice #177 for the purpose of obtaining reimbursement of WMK check #1243 made payable to Smith in the amount of $50,000 dated July 28, 2020. Invoice #177

purported to be for marketing services and research consulting performed by WMK, despite such tasks being outside the scope of The Contract.

26. Whymark described the work performed on Invoice #177 as "WMK provided core marketing services and research consulting for the strategic development of the Saint Francis Center of Excellence Q1 2020." This entity had neither SFM staff, nor funding dedicated to it, and WMK never invoiced SFM on any other occasion for work performed for this entity. Whymark described the fee as a, "Professional Services Fee," yet no other WMK invoices to SFM included such fee.

27. Smith approved WMK invoice #177 on August 3, 2020, the same day it was submitted and four days after receiving WMK check #1243, causing SFM to unknowingly fund the $50,000 payment from Whymark to Smith.

### Smith's Personal Use of SFM Corporate Credit Cards

28. Smith used his SFM corporate credit cards for personal expenditures, in violation of SFM's policy. Smith further failed to report his personal purchases to SFM's Finance Department personnel and failed to reimburse SFM for personal purchases, as required by SFM policy. These personal expenses included, but were not limited to, cash withdrawals, clothing and jewelry purchases, and expenses associated with travel for Smith and his family members.

# COUNT 1

**CONSPIRACY TO COMMIT WIRE FRAUD**
**[18U.S.C. § 1349]**

29. Paragraphs 1 - 28 are incorporated herein by reference as though fully restated.

30. From on or about January 1, 2018, and continuing to on or about July 31, 2021, in the District of Kansas, and elsewhere, the defendants,

**ROBERT NELSON SMITH,**
**and**
**WILLIAM BYRD WHYMARK,**

knowingly, intentionally, and unlawfully combined, conspired, confederated, and agreed with each other, and with others known and unknown to the Grand Jury, to commit Wire Fraud, in violation of Title 18, United States Code, Section 1343, by devising and executing a scheme and artifice to defraud Saint Francis Community Services, A.K.A. Saint Francis Ministries, and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises.

**Manner and Means**

31. As part of the conspiracy, the defendants engaged in the activities set forth in Paragraphs 1 – 28 above, and the substantive counts of Wire Fraud as set forth below.

In violation of Title 18, United States Code, Section 1349, with reference to

Title 18, United States Code Sections 1343 and 2.

## COUNTS 2 - 11

**Wire Fraud**
**[18 U.S.C. § 1343]**

32. Paragraphs 1 through 31 are incorporated herein by reference as though fully restated.

33. On or about the dates set forth below, in the District of Kansas, and elsewhere, the defendants,

**ROBERT NELSON SMITH**
**and**
**WILLIAM BYRD WHYMARK,**

for the purpose of executing and attempting to execute the above-described scheme and artifice to defraud, and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises, knowingly transmitted and caused to be transmitted by means of wire communication in interstate and foreign commerce, certain signs, signals, pictures, and sounds as follows:

| Count | On/About Date | Transmission |
|---|---|---|
| 2 | 04/13/2018 | Submission and approval of WMK invoice #100, dated April 1, 2018, via email, from New York to Kansas, covering the time period March 1, 2018, to March 31, 2018, resulting in a payment of $438,469, via wire transfer, from SFM account xxxx8116 at Intrust Bank, located in Wichita, Kansas, to WMK account xxxx7166 at Wintrust Bank, located in Chicago, Illinois, on April 13, 2018. |

| Count | On/About Date | Transmission |
|---|---|---|
| 3 | 05/25/2018 | Submission and approval of WMK invoice #104, dated May 7, 2018, via email, from New York to Kansas, covering the time period April 1, 2018, to April 30, 2018, resulting in a payment of $347,568, via wire transfer, from SFM account xxxx8116 at Intrust Bank, located in Wichita, Kansas, to WMK account xxxx7166 at Wintrust Bank, located in Chicago, Illinois, on May 25, 2018. |
| 4 | 07/13/2018 | Submission and approval of WMK invoice #105, dated July 6, 2018, via email, from New York to Kansas, covering the time period June 1, 2018, to June 30, 2018, resulting in a payment of $326,313, via wire transfer, from SFM account xxxx8116 at Intrust Bank, located in Wichita, Kansas, to WMK account xxxx7166 at Wintrust Bank, located in Chicago, Illinois, on July 13, 2018. |
| 5 | 10/19/2018 | Submission and approval of WMK invoice #107, dated October 1, 2018, via email, from New York to Kansas, covering the time period September 1, 2018, to September 31, 2018, resulting in a payment of $376,246, via wire transfer, from SFM account xxxx8116 at Intrust Bank, located in Wichita, Kansas, to WMK account xxxx7166 at Wintrust Bank, located in Chicago, Illinois, on October 19, 2018. |
| 6 | 11/09/2018 | Submission and approval of WMK invoice #112, dated November 1, 2018, via email, from New York to Kansas, covering the time period October 1, 2018, to October 31, 2018, resulting in a payment of $408,130, via wire transfer, from SFM account xxxx8116 at Intrust Bank, located in Wichita, Kansas, to WMK account xxxx7166 at Wintrust Bank, located in Chicago, Illinois, on November 9, 2018. |
| 7 | 12/07/2018 | Submission and approval of WMK invoice #114, dated December 3, 2018, via email, from New York to Kansas, covering the time period November 1, 2018, to November 30, 2018, resulting in a payment of $399,049, via wire transfer, from SFM account xxxx8116 at Intrust Bank, located in Wichita, Kansas, to WMK account xxxx7166 at Wintrust Bank, located in Chicago, Illinois, on December 7, 2018. |

| Count | On/About Date | Transmission |
|---|---|---|
| 8 | 01/11/2019 | Submission and approval of WMK invoice #118, dated January 2, 2019, via email, from New York to Kansas, covering the time period December 1, 2018, to December 31, 2018, resulting in a payment of $415,610, via wire transfer, from SFM account xxxx8116 at Intrust Bank, located in Wichita, Kansas, to WMK account xxxx7166 at Wintrust Bank, located in Chicago, Illinois, on January 11, 2019. |
| 9 | 03/15/2019 | Submission and approval of WMK invoice #122, dated February 8, 2019, via email, from New York to Kansas, covering the time period January 1, 2019, to January 31, 2019, resulting in a payment of $373,830, via wire transfer, from SFM account xxxx8116 at Intrust Bank, located in Wichita, Kansas, to WMK account xxxx7166 at Wintrust Bank, located in Chicago, Illinois, on March 15, 2019. |
| 10 | 8/14/2020 | Submission and approval of WMK invoice #156, dated February 21, 2020, via email, from New York to Kansas, covering the time period January 1, 2020, to January 31, 2020, resulting in a payment of $212,606.55, via wire transfer, from SFM account xxxx8116 at Intrust Bank, located in Wichita, Kansas, to WMK account xxxx7166 at Wintrust Bank, located in Chicago, Illinois, on August 14, 2020. |
| 11 | 9/4/2020 | Submission and approval of WMK invoice #177, dated August 3, 2020, via email, from New York to Kansas, resulting in a payment of $50,000, via wire transfer, from SFM account xxxx8116 at Intrust Bank, located in Wichita, Kansas, to WMK account xxxx7166 at Wintrust Bank, located in Chicago, Illinois, on September 4, 2020. |

In violation of Title 18, United States Code, Sections 1343 and 2.

## COUNTS 12 - 16

**Wire Fraud**
**[18 U.S.C. § 1343]**

34. Paragraphs 1 through 33 are incorporated herein by reference as though fully restated.

35. On or about the dates set forth below, in the District of Kansas, and elsewhere, the defendant,

**ROBERT NELSON SMITH,**

for the purpose of executing and attempting to execute the above-described scheme and artifice to defraud, and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises, knowingly transmitted and caused to be transmitted by means of wire communication in interstate and foreign commerce, certain signs, signals, pictures, and sounds as follows:

| Count | On/About Date | Transmission |
|---|---|---|
| 12 | 3/13/2018 | Payment of American Express corporate credit card statement dated 03/03/2018, for account xxxx1004, assigned to Smith in the amount of $6,909.73, via ACH, from SFM account xxxx3234 at Bank of America, located in Wichita, Kansas, to Wells Fargo Bank, located in Minneapolis, Minnesota on 03/13/2018. |
| 13 | 05/15/2018 | Payment of American Express corporate credit card statement dated 05/02/2018, for account xxxx1004, assigned to Smith, in the amount of $12,880.06, via ACH, from SFM account xxxx8116 at Intrust bank, located in Wichita, Kansas, to Wells Fargo Bank, located in Minneapolis, Minnesota on 05/15/2018. |

| Count | On/About Date | Transmission |
|---|---|---|
| 14 | 11/14/2018 | Payment of American Express corporate credit card statement dated 11/01/2018, for account xxxx1004, assigned to Smith, in the amount of $13,257.55, via ACH, from SFM account xxxx8116 at Intrust bank, located in Wichita, Kansas, to Wells Fargo Bank, located in Minneapolis, Minnesota on 11/14/2018. |
| 15 | 12/14/2018 | Payment of American Express corporate credit card statement dated 12/01/2018, for account xxxx1004, assigned to Smith, in the amount of, $6,207.77, via ACH, from SFM account xxxx8116 at Intrust bank, located in Wichita, Kansas, to Wells Fargo Bank, located in Minneapolis, Minnesota on 12/14/2018. |
| 16 | 09/13/2019 | Payment of American Express corporate credit card statement dated 09/01/2019, for account xxxx1004, assigned to Smith, in the amount of $22,258.62, via ACH, from SFM account xxxx8116 at Intrust bank, located in Wichita, Kansas, to Wells Fargo Bank, located in Minneapolis, Minnesota on 09/13/2019. |

In violation of Title 18, United States Code, Sections 1343 and 2.

## COUNTS 17-19

**MONEY LAUNDERING**
**[18 U.S.C. § 1957]**

36.     Paragraphs 1 through 35 are incorporated herein by reference as though fully restated.

37.     On or about the dates set forth below, in the District of Kansas and elsewhere, the defendants,

**WILLIAM BYRD WHYMARK,**

knowingly engaged in a monetary transaction by, through and to a financial

institution, affecting interstate and foreign commerce in criminally derived property of a value greater than $10,000, namely the withdrawal, deposit, and transfer of funds from the financial institutions identified below, such funds being derived from the specified unlawful activity of wire fraud, in violation of Title 18, United States Code, Section 1343:

| Count | On/About Date | Transaction |
|---|---|---|
| 17 | 8/23/2019 | Wire transfer in the amount of $10,000, in proceeds traceable from wire fraud, from Wintrust Bank account number xxxxxx7166 to Wintrust Bank account number xxxxxx6011, named William B. Whymark. |
| 18 | 8/23/2019 | Wire transfer in the amount of $1,042,113.73, in proceeds traceable from wire fraud, from Wintrust Bank account number xxxxxx7166 to Wintrust Bank account number xxxxxx6011, named William B. Whymark. |
| 19 | 8/23/2019 | Wire transfer in the amount of $1,052,113.73 from Wintrust bank account xxxxxx6011 to JP Morgan Chase Bank for D.M.G., Attorney, to purchase a residence located at 9 Terrace Circle, Armonk, New York. |

In violation of Title 18, United States Code, Sections 1957 and 2.

## COUNT 20

**MONEY LAUNDERING**
**[18 U.S.C. § 1957]**

38.    Paragraphs 1 through 36 are incorporated herein by reference as though fully restated.

39.    On or about the dates set forth below, in the District of Kansas and

elsewhere, the defendant,

## ROBERT NELSON SMITH

knowingly engaged in a monetary transaction by, through and to a financial institution, affecting interstate and foreign commerce in criminally derived property of a value greater than $10,000, namely the withdrawal, deposit, and transfer of funds from the financial institutions identified below, such funds being derived from the specified unlawful activity of wire fraud, in violation of Title 18, United States Code, Section 1343:

| Count | On/About Date | Transaction |
|---|---|---|
| 20 | 08/05/2020 | Check #1514 dated July 31, 2020, drawn on Smith's Sunflower Bank account xxxxxx4476, in the amount of $14,241.67 payable to Fortifi Bank, located in Berlin, Wisconsin, deposited on 8/05/2020. |

In violation of Title 18, United States Code, Sections 1957 and 2.

## FORFEITURE NOTICE

40. The allegations contained in paragraphs 1 through 39 and Counts 1 through 20 of this Indictment are hereby realleged and incorporated by reference for the purpose of alleging forfeiture pursuant to Title 18, United States Code, Sections 981(a)(1)(A) and 982(a)(2) and Title 28, United States Code, Section 2461.

### Wire Fraud violations:

41. Upon conviction of one or more of the offenses set forth in Counts 1 through 16 of this Indictment, the defendants shall forfeit to the United States of

America, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), any property, real or personal, which constitutes or is derived from proceeds traceable to the offenses. The property to be forfeited includes, but is not limited to, the following:

A.  Money Judgment:

    i.  A forfeiture money judgment against each defendant in an amount equal to the amount of gross proceeds obtained or derived by him from the commission of Counts 1 through 16.

B.  Currency and Bank Funds:

    i.  $164,599.92 seized on or about February 4, 2022, from TD Bank account ending in 1736 in the name of William B. Whymark;

    ii.  $501,173.27 seized on February 4, 2022, from Citibank account ending in 3625 in the name of William B. Whymark;

    iii.  $37,537.94 seized on February 4, 2022, from Citibank account ending in 3030 in the name of WMK Technology Corp.

**Money Laundering violations:**

42.  Upon conviction of one or more of the offenses set forth in Counts 17 through 20, each defendant shall forfeit to the United States of America, pursuant to Title 18, United States Code, Section 982(a)(1), any property, real or personal, involved in such offenses, or any property traceable to such property, including but

not limited to, the following:

    A.    Money Judgment:

        i.    A forfeiture money judgment against the defendant in an amount equal to the amount of gross proceeds obtained or derived by him from the commission of Counts 17 through 20;

    B.    Currency and Bank Funds:

        i.    $164,599.92 seized on February 4, 2022, from TD Bank account ending in 1736 in the name of William B. Whymark;

        ii.    $501,173.27 seized on February 4, 2022, from Citibank account ending in 3625 in the name of William B. Whymark;

        iii.    $37,537.94 seized on February 4, 2022, from Citibank account ending in 3030 in the name of WMK Technology Corp.

Substitute Assets

43.    If any of the property described above, as a result of any act or omission of the defendants:

    A.    cannot be located upon the exercise of due diligence;

    B.    has been transferred or sold to, or deposited with, a third party;

    C.    has been placed beyond the jurisdiction of the court;

    D.    has been substantially diminished in value; or

    E.    has been commingled with other property which cannot be

divided without difficulty, the United States of America shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p).

                                                   A TRUE BILL.

| November 9, 2022 |   s/Foreperson |
|---|---|
| DATE | FOREPERSON OF THE GRAND JURY |

DUSTON J. SLINKARD
UNITED STATES ATTORNEY

By: /s/ Christine E. Kenney
CHRISTINE E. KENNEY
Assistant United States Attorney
District of Kansas
444 Quincy St., Suite 290
Topeka, Kansas  66683
Ph: (785) 295-2850
Fax: (785) 295-2853
Email: Christine.kenney@usdoj.gov
Ks. S. Ct. No. 13542

By: /s/ Skipper S. Jacobs
SKIPPER S. JACOBS
Assistant United States Attorney
District of Kansas
Email: skipper.jacobs@usdoj.gov
Ks. S. Ct. No. 26848

> IT IS REQUESTED THAT THE TRIAL BE HELD IN TOPEKA, KANSAS

# PENALTIES

## Count 1 [Conspiracy to Commit Wire Fraud]
## Counts 2 - 16 [Wire Fraud]

- Punishable by a term of imprisonment of not more than twenty (20) years. [18 U.S.C. § 1349 and 1343].

- A term of supervised release of not more than three (3) years. [18 U.S.C. § 3583(b)(2)].

- A fine not to exceed $250,000. [18 U.S.C. § 3571(b)(3)].

- A mandatory special assessment of $100.00. [18 U.S.C. § 3013(a)(2)(A)].

- Restitution

- Forfeiture.

## Counts 17-20 [Money Laundering]

- Punishable by a term of imprisonment of not more than ten (10) years. [18 U.S.C. § 1957].

- A term of supervised release of not more than three (3) years. [18 U.S.C. § 3583(b)(2)].

- A fine not to exceed $250,000. [18 U.S.C. § 3571(b)(3)].

- A mandatory special assessment of $100.00. [18 U.S.C. § 3013(a)(2)(A)].

- Restitution

- Forfeiture.