IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS
TOPEKA DOCKET

**UNITED STATES OF AMERICA,**
    *Plaintiff,*

Case No. **22-CR-40084-TC**

v.

**ROBERT NELSON SMITH,**
    *Defendant.*

## MOTION TO CONTINUE

Defendant Robert Smith, through undersigned counsel, Sarah G. Hess, respectfully moves this Court to continue the status conference for approximately 90 days and declare the time excludable from the Speedy Trial Act deadline for the following reasons:

1. A status conference is currently scheduled for June 26, 2024, at 9:00 a.m.

2. Rounds of discovery have been provided throughout the end of 2022 to the present. The rounds of discovery have consisted of more than 250 GB of data. But this number does not do well to illustrate the volume of discovery in this case, because within those 250 GB are load files for email accounts. While the load files themselves are relatively small files, they contain hundreds of thousands of emails.

3. Counsel is in the process of reviewing the discovery, both in-house and with Mr. Smith. Counsel is also engaged in negotiation with the government in an attempt to find a pretrial resolution to this matter.

4. Mr. Smith and undersigned counsel require additional time for the continued receipt and review of the discovery, to hire and consult with any necessary experts, to continue plea negotiations, and to have the time necessary for counsel's effective preparation, considering the exercise of due diligence. *See* 18 U.S.C. § 3161(h)(7)(B)(iv). This cannot reasonably be done by June 26, 2024.

5. Skipper Jacobs, Assistant United States Attorney, was consulted and undersigned counsel does not expect any objection to this continuance.

6. Lydia Krebs Albert, codefendant counsel for William Whymark, also has no objections to this continuance and would join in the request.

7. Mr. Smith has been informed of the statutory right to a speedy trial, joins in this request to continue, and does not object to the tolling of speedy trial during the requested period.

8. Upon information and belief, Mr. Whymark has also been informed of the statutory right to a speedy trial, joins in this request to continue, and does not object to the tolling of speedy trial during the requested period.

9. This continuance is not sought for the purpose of dilatory delay but is sought in truth and fact that Mr. Smith may be afforded due process of law under the Fifth Amendment to the United States Constitution and afforded effective assistance of counsel under the Sixth Amendment to the United States Constitution. In accordance with 18 U.S.C. §§ 3161(h)(7)(A) and (b)(iv), it is submitted that the above-stated reasons for a continuance outweigh the

best interest of the public and the defendant to a speedy trial, which is required by 18 U.S.C. § 3161(c)(1).

10. Under 18 U.S.C. § 3161(h)(8)(A), the time until the next setting should be excluded in computing the time in which the defendant should be brought to trial under the Speedy Trial Act.

WHEREFORE Mr. Smith respectfully moves this Court for an order continuing the status conference for approximately 90 days, to exclude the period from filing the motion to the next scheduled hearing date to calculate deadlines under the Speedy Trial Act, and for whatever other relief this Court deems just and proper.

Respectfully Submitted,

SANDAGE LAW LLC

/s/ Sarah G. Hess
Sarah G. Hess, KS #26262
1600 Genessee Street, Suite 662
Kansas City, MO 64102
phone 816.753.0800
fax 816.735.4602
sarah@sandagelaw.com
ATTORNEYS FOR DEFENDANT

## CERTIFICATE OF SERVICE

On June 24, 2024, I served this document by depositing an electronic copy of it in the Court's electronic filing system, which shall distribute notice to all attorneys of record.

/s/ Sarah G. Hess
Sarah G. Hess