**In the United States District Court
for the District of Kansas**

---

Case No. 5:22-cr-40084-TC

---

UNITED STATES OF AMERICA,

*Plaintiff*

v.

ROBERT NELSON SMITH,

*Defendant*

---

# ORDER

In November 2022, Mr. Smith was indicted for engaging in multiple criminal acts that defrauded a Kansas charity which provides foster care and social services to, among others, Kansas foster children. Doc. 1. After more than two years of requested delays and waivers of his right to appear in court, Mr. Smith notified the Court in May 2025 that he intended to plead guilty to one or more of the crimes. Doc. 75. At his request, the change of plea hearing was set out until September 3, 2025. Doc. 75

He has since requested to move the hearing multiple times. For example, days before the September hearing, he asked to move his change of plea hearing, this time to October. Doc. 78 (suggesting the parties need more time to "fine tune the details" of ongoing negotiations"). That request was granted. Doc. 81. Then, days before the October hearing he requested, Mr. Smith again sought to move his change of plea hearing, this time to November. Doc. 86 (citing, again, the need to "fine tune the details" of the ongoing negotiations). Once again, that request was granted and, on September 29, 2025, the change of plea hearing was set for November 25, 2025, at 9:00AM. Doc. 88.

His request for more time continues. Days before the November change of plea hearing, Mr. Smith again seeks to move his change of plea hearing. Doc. 96 (claiming more time is needed to resolve

complex issues that impact sentencing). That motion was set for an in-person hearing to coincide with the date Mr. Smith had previously requested for his change of plea hearing. Doc. 97. Then, in response, Mr. Smith filed an "Emergency Motion" asking that he be relieved of the burden of appearing in Kansas for either hearing. Doc. 98 (claiming surprise that he would be expected to travel from his home in Tennessee with only four-days notice).

The delays must end. Mr. Smith shall appear in person as scheduled on November 25, 2025, at 9:00AM. Doc. 88. The hardships, if any, are the product of Mr. Smith's choices, as the November hearing has been set for nearly two months. Doc. 88. And any alleged complications seem to be capable of resolution, as his co-defendant has already entered his plea and is awaiting sentencing. Doc. 94. The Speedy Trial Act certainly protects a accused's right to proceed expeditiously, but it also provides the public with an expectation that matters will not languish because an accused seeks to delay justice. *See generally Barker v. Wingo*, 407 U.S. 514, 521 (1972) ("Delay is not an uncommon defense tactic."); 18 U.S.C § 3161(h)(7)(A) (recognizing both the defendant and public have an interest in proceeding expeditiously).

Mr. Smith's motions, Docs. 96 and 98, are DENIED.

It is so ordered.

Date: November 21, 2025           s/ Toby Crouse
                                                    Toby Crouse
                                                    United States District Judge