**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF KANSAS**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 5:22-cr-40084-AWM |
| | ) | |
| ROBERT NELSON SMITH, | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT'S SECOND MOTION TO CONTINUE SENTENCING AND RESET RELATED DEADLINES**

Robert Nelson Smith, by and through appointed counsel, respectfully moves the Court to continue his sentencing hearing from October 13, 2026, to December 8, 2026, the date now set for codefendant William Byrd Whymark's sentencing, and to reset all related deadlines, including the deadlines for objections to the presentence investigation report and the sentencing memorandum. In support, Mr. Smith states as follows:

1. Undersigned counsel was appointed to represent Mr. Smith on May 1, 2026, after Mr. Smith had entered his guilty plea and before sentencing.

2. On June 23, 2026, Mr. Smith filed his first motion to continue sentencing and reset related deadlines. That motion explained counsel's need for additional time to review the voluminous discovery, evaluate objections to the presentence report, and prepare mitigation information. The Court granted the motion and extended sentencing and the associated deadlines. Mr. Smith's sentencing is currently scheduled for October 13, 2026. This is his second request for a continuance.

3. This is a complex white collar fraud case involving voluminous financial records and electronic communications. Counsel and Mr. Smith continue to work on objections to the presentence report, particularly the loss calculation. Additional time is needed to complete the

review of the relevant materials, evaluate the factual and legal bases for the objections, and prepare a supported submission.

4. The loss calculation is a significant sentencing issue because it may materially affect the advisory guideline range. The requested extension will allow counsel to work through that issue with Mr. Smith, present the objections to the United States Probation Office and the government, and identify and narrow any disputes requiring resolution by the Court.

5. Counsel is also continuing to gather mitigation information for presentation under 18 U.S.C. § 3553(a), including information concerning Mr. Smith's history and characteristics. Additional time is needed to complete that work and incorporate the information into the sentencing memorandum and presentation to the Court.

6. On September 14, 2026, codefendant William Byrd Whymark filed a motion requesting a continuance of his October 13, 2026 sentencing hearing and associated deadlines. *See* Doc. 124. In addition to medical circumstances specific to Mr. Whymark, that motion identified counsel's need for further review and consultation concerning the presentence report and disputed sentencing issues. The Court has since rescheduled Mr. Whymark's sentencing for December 8, 2026.

7. Mr. Smith requests that his sentencing likewise be set for December 8, 2026. That date would provide approximately eight additional weeks to complete the work described above and would align his sentencing schedule with the date the Court has already selected for his codefendant. Mr. Smith has requested this additional time to assist counsel in preparing the presentence-report objections and mitigation presentation.

8. Good cause supports the requested extension. Federal Rule of Criminal Procedure 32(b)(2) permits the Court to change the time limits prescribed by that rule for good cause. The

requested continuance is limited and directed to completing specific sentencing preparation in this complex case. It will allow counsel to present the disputed guideline issues and mitigation information more fully and will assist the Court in resolving the matters necessary for sentencing. This request is made to complete that preparation and not for purposes of unnecessary delay.

9. Mr. Smith also requests an express extension of all associated sentencing deadlines, including the deadline to submit objections to the presentence report and the deadline to file his sentencing memorandum and supporting mitigation materials. He asks the Court to reset those deadlines in relation to the December 8, 2026 hearing, allowing sufficient time for the government and Probation Office to consider the objections and for unresolved issues to be presented to the Court.

10. Counsel has conferred with Assistant United States Attorney Sara Walton concerning this motion, and the United States has no objection to the requested continuance and extension of associated deadlines.

WHEREFORE, Mr. Smith respectfully requests that the Court continue his sentencing hearing from October 13, 2026, to December 8, 2026, at a time convenient to the Court, and expressly reset all associated deadlines, including those for presentence-report objections, the sentencing memorandum, and supporting sentencing submissions, consistent with the new sentencing date.

Respectfully submitted,

**JOHNSTON LAW FIRM LLC**

/s/ J. Justin Johnston
J. Justin Johnston KS #20101
811 Grand Blvd., #101
Kansas City, MO 64106
Tel: (816) 739-4538
Fax: (816) 421-5403
jjj@johnstonlawkc.com
***ATTORNEY FOR DEFENDANT***

## CERTIFICATE OF SERVICE

I hereby certify that on the 15th day of September 2026, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system for electronic delivery to all counsel of record.

/s/ J. Justin Johnston
***Attorney for Defendant***